PEDRO F. AYALA, Plaintiff

v.

CONRAD MARSHALL and ABRAMSON ENTERPRISES, INC.,

Defendants

Civil No. 207-208-1968

ERIC BROWN, Plaintiff

v.

CONRAD MARSHALL and ABRAMSON ENTERPRISES, INC.,

Defendants

Civil No. 209-210-1968

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

October 22, 1968

JOHN D. MARSH, ESQ., *for plaintiff*
BAILEY, WOOD & ROSENBERG, ESQS., *for defendants*
JOSEPH, *Judge*

OPINION AND ORDER

These cases came on for trial together on July 11, 1968, and after the commencement of the proceedings defendants in both cases, Conrad Marshall and Abramson Enterprises, Inc., moved to dismiss. Trial of the cases was thereupon continued to permit the parties to submit authority on the issues raised.

Both cases are actions for negligence brought by two employees of the Government of the Virgin Islands who, while in the course of their employment, were allegedly

injured when struck by a motor vehicle owned by defendant Abramson Enterprises, Inc., and operated by defendant Conrad Marshall, an employee of the corporate defendant. They filed no claim for workmen's compensation but elected instead to pursue their common-law remedy against the third parties whom they claim are legally responsible for their injuries. Defendants' motion is based upon the allegation that, inasmuch as plaintiffs were at the time of their injuries employees subject to the provisions of the Workmen's Compensation laws of the Virgin Islands, Title 24, Ch. 11, §§ 251–284, of the Virgin Islands Code, their right to sue the third parties existed only through and by virtue of that act, section 263 of which provides for suits against third parties with subrogation rights to the Commissioner. This section is patterned after the Puerto Rico Workmen's Accident Compensation Act, 11 Laws of Puerto Rico Annotated, Section 32, and is in pertinent part as follows:

"In cases where the injury, the occupational disease, or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury, . . . the injured workman . . . may claim and recover damages from the third person responsible for said injury . . . within one year following the date of the final decision of the case by the Commissioner, who may subrogate himself to the rights of the workman . . . to institute the same action in the following manner:

"When an injured workman . . . may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Commissioner shall subrogate himself to the rights of the workman . . . and may institute proceedings against such third person in the name of the injured workman . . . within 90 days following the date of the final decision of the case, and any sum which as a result of the action, or by virtue of a judicial

compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman . . . entitled thereto. The workman . . . shall be parties in every proceeding instituted by the Commissioner under the provisions of this section . . . .

"If the Commissioner should fail to institute action against the third person responsible within the term of 90 days from the date of the final decision of the case, the workman . . . shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the Government Insurance Fund for the expenses incurred in the case.

"The injured workman . . . may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages until after the expiration of 90 days from the decision of the case by the Commissioner.

"No compromise between the injured workman . . . and the third person responsible, made before the expiration of the term of 90 days after the decision or after the expiration of said term, if the Commissioner has filed his complaint, shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of this nature, and no compromise whatsoever as to the rights of the parties to said actions shall be approved, without making express reserve of the rights of the Government Insurance Fund to reimbursement of all expenses incurred. . . .

"The Commissioner may compromise as to his rights against a third party responsible for the damages. No such extra-judicial compromise, however, shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

"Any sum obtained by the Commissioner through the means provided in this section shall be covered into the Government Fund."

 Thus it will be seen that the principal purpose of this section is to provide for subrogation by the Commissioner in cases where the injured employee seeks both compensation under the statute and damages from a third party tort-feasor. It does not necessarily follow, however, that by granting to the employee the right to seek both

618

compensation and damages from a third party the statute deprives him of the right to seek such damages alone at common law. That employees who in the course of their employment are injured by the negligence of a third person have a common law remedy against such third person is clear. Mays v. Liberty Mutual Insurance Co., 3rd Cir., 323 F.2d 174 (1963); McDonough v. National Hospital Ass'n, 294 P. 351, 353, 354; Waterman Steamship Corporation v. Rodriguez, First Cir., 290 F.2d 175, 177 (1961). Equally clear is the doctrine that a statute will not be construed to be in derogation of the common law unless both the language and the intent of the statute clearly require such a construction. 101 C.J.S., Workmen's Compensation, § 992, note 45; Fabricus v. Montgomery Elevator Co., Iowa, 121 N.W.2d 361, 93 A.L.R.2d 591, 594, 597; Keener Oil & Gas Co. v. Bushong, Okla., 56 P.2d 819, 821.

These principles have expressed in a number of workmen's compensation cases. In the case of Mays v. Liberty Mutual Ins. Co., supra, it was stated by Judge Staley:

"Thus, insofar as the employment relationship is concerned, the statute must be liberally construed in order to effectuate its remedial purposes, but its scope cannot be extended in a manner which would destroy either the employee's common-law rights against third persons, or the common-law conception of third persons. . . . As the Pennsylvania Supreme Court held in Zimmer, 146 A. at 131, 'The Act does not effect the existing common-law right to sue the wrongdoer, unless that wrongdoer is the master.'"

And see Keener Oil & Gas Co. v. Bushong, supra, wherein it is said:

"This being an action for damages for personal injury alleged to have been caused by the negligence of another not in the same employ, the right of common-law action against such alleged wrongdoer existed unless there is something in the Workmen's Compensation Act which takes it away, which would, of course, be in derogation of that right. There is nothing whatever in the act under which it may be claimed there was a purpose or attempt to limit, modify,

or cancel the common-law liability of a third party for his tortious injury of a workman. . . . If [the injured employee] elects to pursue his remedy under the Compensation Act, then he must assign his cause of action against such third party to the insurance carrier. This is for the benefit of the insurance carrier, and not for the benefit of the third party, who is at all times suable by the injured party or his assignee. . . ."

■ Judge Maris, sitting by designation on the Court of Appeals for the First Circuit, had occasion to consider Section 32 of the Puerto Rico Workmen's Accident Compensation Act, 11 Laws of Puerto Rico Annotated, in Waterman Steamship Corporation v. Rodriguez, supra. As previously stated section 263 of the Virgin Islands statute is patterned after this section and its provisions are, with certain language changes, identical. Although in Judge Maris' opinion it is referred to as section 31, the language quoted is that of section 32. See footnote 1, commencing on page 176 of the opinion, and the citation at the end thereof. There an injured employee had sought both compensation under the act and damages against a third party. The argument was made that his suit for damages was premature, having been filed before the expiration of 90 days after final decision of his case. The court held that the defect, if such it were, was cured by the failure of the defendant to make objection until after the expiration of the 90 days, stating:

"Section 31 [sic] is not intended to provide a shield for a third party tort-feasor whose only legitimate concern is to be protected against double liability, against which the statute fully protects him as we also pointed out in the Guerrido case, 234 F.2d 349, 358."

And in footnote 4 appearing on page 179:

". . . we note the provisions of the fifth paragraph of section 31 of the Workmen's Accident Compensation Act as amended which would seem to contemplate that a judgment in or a compromise of a suit prosecuted independently within the 90 days period by the

injured employee would be valid and effective provided the expenses incurred by the State Insurance Fund in his case are provided for. . . ."

In the present case, since the employees did not file a claim for compensation under the statute within the time proscribed by law, and have in addition filed herein an agreement made with the Commissioner of Labor wherein plaintiffs have waived any benefits due them under the statute and the Commissioner has waived any rights of subrogation, the third parties, defendants herein, are fully protected against double liability.

■ The Virgin Islands Workmen's Compensation statute contains no clear language which compels the injured employee to pursue his remedies under the statute or forfeit his common-law remedies against a third party.

It is therefore ORDERED, that defendants' motion to dismiss be and the same is hereby denied.