**Randy SHETTER, Husband**
**Theresa Shetter, Wife,**

v.

**AMERADA HESS CORPORATION; Hess**
**Oil Virgin Islands Corp., Defen-**
**dants/Third–Party Plaintiffs,**

v.

**PENN LYON HOMES, INC.,**
**Third–Party Defendant,**

**Randy Shetter and Theresa Shetter,**
**husband and wife, Appellants.**

No. 93–7004.

United States Court of Appeals,
Third Circuit.

Argued Aug. 3, 1993.

Decided Jan. 27, 1994.

Edward B. McDaid, Michael S. Bloom (argued), Shrager, McDaid, Loftus, Flum & Spivey, Philadelphia, PA, for appellants.

Jonathan Dryer, William R. Hoffman (argued), Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for appellees Amerada Hess Corp. and Hess Oil Virgin Islands Corp.

Delano M. Lantz, Jonathan H. Rudd (argued), McNees, Wallace & Nurick, Harrisburg, PA, for appellee Penn Lyon Homes, Inc.

Before: STAPLETON, HUTCHINSON and ROTH, Circuit Judges.

## OPINION OF THE COURT

ROTH, Circuit Judge:

Randy and Theresa Shetter appeal a decision by the District Court for the Middle District of Pennsylvania, dismissing their complaint for lack of federal subject matter jurisdiction. The Shetters brought suit against Amerada Hess Corporation ("Amerada Hess") and Hess Oil Virgin Islands Corporation ("HOVIC") for injuries Mr. Shetter suffered when a modular home he was helping to install tumbled on top of him.

The district court did not reach the question of whether the Shetters stated a viable tort claim because the court determined that the required addition of a non-diverse party plaintiff to the Shetters' action deprived the court of federal subject matter jurisdiction. We disagree and will reverse the district court's decision.

## I.

In September, 1989, the powerful winds of Hurricane Hugo swept across the island of St. Croix, United States Virgin Islands, damaging much of the residential housing provided by Amerada Hess and HOVIC for employees of their local refinery. Amerada Hess is a parent or affiliate of HOVIC.

Under a purchase agreement entered into with HOVIC, Penn Lyon Homes, Inc. ("Penn Lyon"), agreed to provide modular homes for the site to replace housing destroyed by Hurricane Hugo. The purchase agreement called for Penn Lyon to transport the modular homes to a port assigned by HOVIC, at which point HOVIC would provide ocean transportation, transportation to the site where the home would be located, and perform various other tasks before a Penn Lyon crew would prepare the home for habitation. Penn Lyon hired Mr. Shetter to assist in performing the work under Penn Lyon's agreement with HOVIC. On April 24, 1991, while helping to install a modular home in the Virgin Islands, Mr. Shetter was seriously injured when the home toppled onto him.

Pursuant to the requirements of Virgin Islands law, Penn Lyon had purchased workmen's compensation insurance from the Government Insurance Fund of the Virgin Islands ("Fund"). V.I.Code Ann. tit. 24, §§ 251–285 (1993 & Supp.1993). Between the time of the accident and November, 1992, the Fund had provided Mr. Shetter with more than $38,000 to cover medical expenses and $11,000 for disability income benefits.

Under the Virgin Islands' workmen's compensation program, injured employees may claim and recover damages from third party tort-feasors responsible for such injuries within two years following the date of the injury. 24 V.I.C. § 263. The Shetters filed their complaint for personal injuries against third parties, Amerada Hess and HOVIC, in the Middle District of Pennsylvania, on August 2, 1991. In their complaint, the Shetters contended that Mr. Shetter suffered a number of physical and mental injuries stemming directly from the accident. The complaint also contended that Mrs. Shetter had been deprived of the services, society, companionship, and consortium of her husband.

The Shetters are citizens of Pennsylvania. Amerada Hess is a corporation organized under Delaware law with its principal place of business located in New York. HOVIC is a corporation organized under Virgin Islands law with its principal place of business located in the Virgin Islands. Given the diversity of citizenship and a claim exceeding $50,000, the district court had jurisdiction under 28 U.S.C. § 1332.

On January 15, 1992, Amerada Hess and HOVIC filed a third-party complaint against

Penn Lyon, seeking contribution or indemnity for all damages that might be adjudged against them from the Shetters' suit. On November 4, 1992, Penn Lyon filed a motion to dismiss the Shetters' complaint and a motion for summary judgment against Amerada Hess and HOVIC. Penn Lyon's motion for dismissal was based on the assertion that the Shetters failed to comply with 24 V.I.C. § 263, which Penn Lyon contended required the Shetters to join the Commissioner of the Virgin Islands Department of Labor ("Commissioner") in their suit.

On December 11, 1992, the district court granted Penn Lyon's motion to dismiss the case.[1] In a memorandum accompanying its order, the district court held that under Virgin Islands law the Commissioner was an indispensable party to the suit, and "had [the Shetters] properly joined the Commissioner at the inception of this action, as required under [the Virgin Islands' statute], the required complete diversity jurisdiction would have been destroyed." The district court held that under 24 V.I.C. § 263 the Commissioner is required to be a party in any action instituted by an injured employee against a third person responsible for the injuries.[2] The court denied the Shetters' contention that Federal Rule of Civil Procedure 19 should govern the question of whether to join the Commissioner. Instead, the court held that the Virgin Islands' statute required the Commissioner's joinder, and consequently, since the Commissioner should have been a party from the beginning of the suit, complete diversity was not present, and the court's "jurisdiction was *never* proper."[3] The Shetters filed a timely notice of appeal.

## II.

The district court had jurisdiction under 28 U.S.C. § 1332. Appellate jurisdiction for this appeal from a final order of the district court is predicated upon 28 U.S.C. § 1291.

In making its determination to dismiss the Shetters' suit because joinder of the Commis-

---

1. The court dismissed as moot Penn Lyon's motion for summary judgment, and the cross-motion of defendants Amerada Hess and HOVIC for summary judgment.

2. 24 V.I.C. § 263 provides:

   In cases where the injury ... entitling the workman ... to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury, ... the injured workman ... may claim and recover damages from the third person responsible for said injury ... within two years following the date of the injury. The Commissioner may subrogate himself to the rights of the workman ... to institute the same action in the following manner:

   When an injured workman ... may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund ... is obligated to compensate in any manner or to furnish treatment, the Commissioner shall subrogate himself to the rights of the workman ... and may institute proceedings against such third person in the name of the injured workman ... within two years following the date of the injury, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the workman....

   The injured workman ... may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, unless the Commissioner is a party to the action or agrees to the compromise.

   No compromise between the injured workman ... and the third person responsible shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of this nature and no compromise whatsoever as the rights of the parties to said action shall be approved, without making express reserve of the rights of the Government Insurance Fund to reimbursement of all expenses incurred....

3. In its memorandum, the court relies on what it recognizes as dicta in *Galvan v. Hess Oil Virgin Islands Corp.*, 549 F.2d 281 (3d Cir.1977), for the proposition that the Commissioner must be joined. In *Galvan*, an 18–year–old who was injured in the course of his employment brought a third-party suit under the workmen's compensation statute. The statute of limitations under 24 V.I.C. § 263 was raised as an affirmative defense. On interlocutory appeal, we held that the Code's infancy tolling provision applied to 24 V.I.C. § 263, thus affirming the court's order that denied the defendants' affirmative defense. In dicta, we recognized that the plaintiff in his third-party suit had joined the Commissioner, and that because the employee must join the Commissioner as a party-plaintiff, the Commissioner in this instance was entitled to the same protection as the employee. We have reviewed *Galvan* and do not believe the dicta in that decision is binding on this Court.

sioner would destroy complete diversity of the parties, the court did not apply Federal Rule of Civil Procedure 19. Rather, the court decided that joinder of the Commissioner was required under 24 V.I.C. § 263. In doing so, the court explicitly held that Rule 19 was not applicable to the dispute.

■ Our review must necessarily focus on whether the district court erred in dismissing the suit without giving consideration to Rule 19. While a district court's decision whether or not a party is indispensable under Rule 19 is generally reviewed for abuse of discretion, a court's decision that Rule 19 does not apply is a matter of law and subject to plenary review. *Steel Valley Authority v. Union Switch & Signal Div., Am. Standard, Inc.,* 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed, American Standard, Inc. v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

### III.

At issue in this appeal is whether the district court erred in dismissing the Shetters' complaint for failure to join the Commissioner. Our first task is to decide whether the court erred in failing to apply Rule 19.

### A.

■ In *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Supreme Court noted that:

in a diversity case the question of joinder is one of federal law. To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter.

*Id.* at 125 n. 22, 88 S.Ct. at 746 n. 22 (citations omitted).

In *Provident Bank,* the Supreme Court considered the legal standard federal courts should use in deciding whether an absent party must be joined for the proper adjudication of a dispute. The Supreme Court's consideration of this issue was prompted by this Court's decision in *Provident Tradesmens*

*Bank & Trust Company v. Lumbermens Mut. Casualty Co.,* 365 F.2d 802 (3d Cir. 1966), in which we held that the absent party's joinder was required because substantive rights of that party could be affected in the party's absence. In *Provident Bank,* the Supreme Court vacated our decision, holding that the question of whether an absent party should be joined must be considered under the criteria set forth in Rule 19.

This Court has noted that since *Provident Bank* "the federal courts have consistently held that in diversity cases the question of joinder under Rule 19 of the Federal Rules of Civil Procedure is governed by federal law." *Sheldon v. West Bend Equipment Corp.,* 718 F.2d 603, 606 (3d Cir.1983). Applying the legal standard set forth in *Provident Bank,* we noted that state law may provide assistance in determining the interests of the party in question, but ultimately, the court's decision as to whether the party should be joined is a matter of federal law. *Id.* Therefore, Virgin Islands' law is applicable only insofar as it assists in determining the Commissioner's status as governed ultimately by Rule 19.

The Virgin Islands statute, 24 V.I.C. § 263, defines the Commissioner's interests as making the Fund whole if there is a recovery. These subrogation rights are for the protection of the Fund. We will take these interests into account when conducting the joinder analysis under Rule 19.

Penn Lyon attempts to distinguish *Provident Bank* from the current dispute on the ground that the Supreme Court's decision in *Provident Bank* "did not involve a statutory requirement for the joinder of a party." Penn Lyon's Brief at 25. Rather, Penn Lyon contends, the Court's decision in *Provident Bank* concerned an "equitable determination" as to whether an absent party should be joined. *Id.* at 27. Penn Lyon asserts that, where as in the present dispute a state statutory requirement exists which mandates that the Commissioner be a party to all third-party workmen's compensation suits, this requirement is overriding and the federal court should not consider the factors set

forth in Rule 19 for the purposes of analyzing whether an absent party should be joined.

We decline to accept Penn Lyon's argument. The Supreme Court in *Provident Bank* made clear that "in a diversity case the question of joinder is one of federal law." 390 U.S. at 125 n. 22, 88 S.Ct. at 746 n. 22. In the context of a motion to dismiss, the district court in the current dispute was confronted with the question of whether the Commissioner should have been joined as an indispensable party. The Court in *Provident Bank* specifically noted that there may be state law which establishes a particular party's interest in a matter, but the Court made clear that ultimately it is a matter of federal law whether to proceed without the absent party. State law, or in this case, Virgin Islands' law, may be helpful in determining the party's interest, but ultimately it is a matter of federal law whether the party should be joined to the action. This determination is decided by federal courts using the considerations set forth in Rule 19.

### B.

Federal Rule of Civil Procedure 19 governs the question of whether persons not a party to a suit should be joined because they are necessary to a more complete settlement of the dispute. Rule 19(a) sets forth the factors that a court must consider in determining whether a party's joinder is necessary for a just adjudication of an action. Rule 19(a) provides in relevant part that:

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the

subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

■ Under Rule 19, if we decide that the Commissioner's joinder is necessary, then joinder must be provided if feasible. If the Commissioner should be joined under the criteria set forth under Rule 19(a), but may not be joined because subject matter jurisdiction would be destroyed, the court must determine under Rule 19(b) whether in "equity and good conscience" the action should proceed without the Commissioner, or whether the Commissioner is indispensable and the action should be dismissed.[4]

■ Using the considerations set forth in Rule 19(a), we must first determine whether the Commissioner is a party who should be joined if feasible. In doing so, we will take into consideration the interests of the Commissioner as established under 24 V.I.C. § 263.

The first factor to consider, as set forth in subsection (a)(1), is whether in the Commissioner's absence those already parties in the suit are precluded from obtaining complete relief. The Shetters brought suit against Amerada Hess and HOVIC, which then sought to join Penn Lyon as a third-party defendant. The underlying cause of action in the Shetters' complaint is that Mr. Shetters' injuries were directly caused by the negligent actions of Amerada Hess and HOVIC. The defendants' third-party complaint against Penn Lyon seeks contribution or in-

---

4. Rule 19(b) provides:
   [i]f a person as described in subdivision a(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus being regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; and fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

demnity for all damages that might be adjudged against them. The Commissioner's absence has no significance as to whether the Shetters will be able to demonstrate that the defendants were negligent in their handling of the modular home. In addition, the Commissioner's absence has no relevance to the question of whether the defendants' third-party claim against Penn Lyon is valid. Given these considerations, we believe that complete relief on the Shetters' claim of negligence can be accorded among those already party to the suit, even in the Commissioner's absence.

Penn Lyon asserts that "complete relief cannot be accorded among the existing parties since [the Shetters] have no substantive right to recover anything if the Commissioner is not joined as a party." Penn Lyon's Brief at 30. We disagree. The Virgin Islands' workmen's compensation program is designed "to provide prompt payment of benefits without regard to fault; and to relieve employers and employees of the burden of civil litigation." *Chinnery v. Government of Virgin Islands*, 865 F.2d 68, 71 (3d Cir.1989) (quoting *Champlain Cable Corp. v. Employers Mutual Liab. Ins. Co.*, 479 A.2d 835, 840 (Del.1984)). In establishing an exclusive remedy provision, 24 V.I.C. § 284, the Virgin Islands' legislature essentially vitiated an employee's common law right to sue his employer for work-related injuries. *See Chinnery*, 865 F.2d at 71 ("When an employee's injury is compensable under a workers' compensation statute, by reason of exclusive remedy provisions ... the employer is not liable for negligence at common law."). However, the Virgin Islands' workmen's compensation program did not destroy an employee's common law right to sue third-party tort-feasors. *Ayala v. Marshall*, 6 V.I. 615 (Mun.Ct.1968).[5]

The Virgin Islands' workmen's compensation program includes a procedure by which suits against third-party tort-feasors can be brought if they are initiated in conjunction with a decision by the employee to collect compensation from the Fund. In these instances, § 263 provides the Commissioner with subrogation interests to insure that the Fund is reimbursed if the employee is awarded damages in a third-party suit. The purpose of § 263 is "to provide for subrogation by the Commissioner in cases where the injured employee seeks both compensation under the statute and damages from a third-party tort-feasor." *Ayala*, 6 V.I. at 618. In other words, the purpose of § 263 is to govern the relationship between the employee and the Commissioner, or in some instances the relationship between the Commissioner who sues in the name of the employee and the third-party tort-feasor. We do not believe that it is the purpose of § 263 to interfere with an injured employee's right to bring an action for negligence against a third-party tort-feasor.

While § 263 contains language which would appear to limit the ability of an employee to institute action against a third-party tort-feasor "unless the Commissioner is a party to the action," this provision is part of a statutory scheme designed to protect the Commissioner's subrogation rights. Given the common law ability of injured employees to bring claims against potential third-party tort-feasors, we find that the Shetters have such a right even in the Commissioner's absence.

---

**5.** In *Ayala,* the injured employee did not request workmen's compensation payments. The court held that employees covered by workmen's compensation act could choose to pursue a common law remedy against potential third-party tort-feasors. In so holding, the court rejected the defendants' assertion that the injured employee's right to sue "existed only through and by virtue of [the workmen's compensation] act ..." *Ayala,* 6 V.I. at 617.

In support of this holding, the court made positive reference to *Waterman S.S. Corp. v. Rodriguez Colon,* 290 F.2d 175 (1st Cir.1961). In *Waterman,* the court of appeals noted that the underlying purpose of section 31 of Puerto Rico's workmen's compensation statute, upon which the comparable provision of the Virgin Islands' workmen's compensation statute was originally patterned, was to insure that the compensation fund had subrogation rights in the event that the injured employee had the possibility of recovering damages against a third-party tort-feasor. The court of appeals explicitly noted that the statute did not "create the cause of action which the plaintiff seeks by the present suit to enforce." *Waterman,* 290 F.2d at 177 (footnote omitted). We can infer from this statement that the court was referring to the common law right of an injured employee to sue a third-party tort-feasor.

While Rule 19(a)(1) requires the court to consider the effect of resolution of the dispute on the parties already in the suit, subsection (a)(2) requires a court to consider the effect that resolution may have on the absent party. As set forth in Rule 19(a)(2)(i), this Court must consider whether the Commissioner's absence will impair or impede his ability to protect his interests. In order to determine the Commissioner's interests, we look to the Virgin Islands' workmen's compensation scheme established under 24 V.I.C. § 263. *Provident Bank,* 390 U.S. at 125 n. 22, 88 S.Ct. at 746 n. 22. It is clear from this statutory program that the Commissioner's interests in this dispute derive from the Shetters' interests. If the Shetters recover damages from Amerada Hess or HOVIC, the Commissioner has the authority under Virgin Islands law to seek recovery for monies distributed by the Fund to cover Mr. Shetter's medical expenses and disability income benefits. These subrogation rights are not negatively impacted by allowing this action to proceed in the district court. Indeed, the Commissioner's interests are best protected if the Shetters' suit does proceed.

If the case is dismissed, the Commissioner in this particular instance will lose any ability to recover monies distributed by the Fund to Mr. Shetter. Given that the two-year statute of limitations under the Virgin Islands law has already run its course, if this suit is dismissed, no new suit can be brought. Thus, the Commissioner would lose any ability to seek subrogation because the Shetters would not be able to bring suit against any third-party defendant.[6]

The defendants assert that the interests of the Commissioner should not be viewed so narrowly. Defendants assert that the Commissioner's interest, as defined by the Virgin Islands' statute, is that the Commissioner be made a party to every such suit in order for the Commissioner to be aware of the potential for subrogation payments. Defendants assert that, if the application of this general rule happens to defeat the interests of the Commissioner in this particular case, it is nonetheless upholding the Commissioner's interests in general by making the Commissioner aware of the potential for subrogation. But in reviewing the Commissioner's interests in the context of Rule 19(a), we are influenced by the advisory committee notes accompanying the 1966 amendments to Rule 19 that cases "should be examined pragmatically." In doing so, it is clear in this particular case that the Commissioner's interests are best protected if this suit is allowed to go forward without the Commissioner as a party.

The record enforces our conclusion that it is in the Commissioner's interest to have this suit proceed, for it is clear that the Virgin Islands' Department of Labor is aware of the pending suit. If damages are awarded, the Commissioner is already on notice that the possibility for subrogation exists. We find that there will be no prejudice to the Commissioner of a judgment rendered in his absence.[7]

---

6. After concluding that there was no federal jurisdiction over this matter, the district court noted that "any action in the territorial court may now be time barred...." In *Galvan v. Hess Oil Virgin Islands Corp.,* 549 F.2d 281 (3d Cir.1977), we held that the Virgin Islands' infancy tolling provision applied to 24 V.I.C. § 263. As a consequence, we denied the defendants' affirmative defense that the plaintiff's claim was barred by the two-year statute of limitations contained in § 263. In addition, we held that because the Commissioner had been joined as a party by the plaintiff, the Commissioner in this instance was protected by the extension of the infancy tolling provision to § 263. We pointed out, however, that the Commissioner would not have been protected if he had brought the suit in his name as a subrogee of the injured employee under § 263. *Galvan,* 549 F.2d at 288 n. 13.

In the current dispute, we are unable to find any comparable statutory authority which would permit the Shetters to bring suit in the territorial court of the Virgin Islands if the present suit is dismissed. An argument on the Commissioner's behalf is even less compelling given that he has neither brought suit nor been joined by the Shetters. Consequently, as to him, the two-year statute of limitations under § 263 to bring suit against the third-party tort-feasors has clearly run. However, this in no way impacts the Commissioner's ability to seek reimbursement for the Fund should Mr. Shetter be successful in recovering damages.

7. Because the Commissioner is in fact aware of this suit, we do not need to go on to consider whether notice to the Commissioner might be a necessary condition of permitting a suit to continue in the Commissioner's absence or whether,

Lastly, Rule 19(a)(2)(ii) requires that this Court consider whether the Commissioner's absence will leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Under the Virgin Islands' workmen's compensation statute, the Commissioner may institute proceedings against third persons in the name of the injured workman within two years of the date of the injury. 24 V.I.C. § 263. It has been more than two years since Mr. Shetter's accident. No party to this case has asserted that the Commissioner has filed suit within the two-year period following the accident. Because the statute of limitations on this action has run, there is no possibility that the Commissioner could bring his own suit against the third-party defendants as is permitted under the statute. Thus, there is no risk that Amerada Hess, HOVIC, or Penn Lyon might incur double, multiple, or otherwise inconsistent obligations by reason of the Commissioner's interest.

In sum, given the factors set forth under Rule 19(a), we find that there is no substantial basis for deciding that the Commissioner's joinder is necessary for a just adjudication of this suit. Because we reach this conclusion under Rule 19(a), it is not necessary for us to answer the question of whether, under Rule 19(b), the Commissioner is an indispensable party to this suit, and, due to his absence, the suit must be dismissed. *See Abel v. American Art Analog, Inc.*, 838 F.2d 691, 694–95 (3d Cir.1988).

### IV.

For the foregoing reasons, we hold that the district court improperly failed to consider the procedural requirements of Rule 19. We will reverse the order of the district court dismissing the complaint and remand for further proceedings consistent with this opinion.

if no notice is given to the Commissioner, further consideration of joinder should be made under

Rule 19(b), *see infra* at 941.