**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0117n.06

**No. 09-2414**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 17, 2011**
LEONARD GREEN, Clerk

DEARBORN STREET BUILDING
ASSOCIATES, LLC,

      Plaintiff-Appellant,

**and**

SILVERMAN AND MORRIS, PLLC,

      Appellant,

**v.**

HUNTINGTON NATIONAL BANK,

      Defendant-Appellee,

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

_____/

**BEFORE:**    **DAUGHTREY, CLAY, and WHITE, Circuit Judges.**

    **CLAY, Circuit Judge.**  Dearborn Street Building Associates, LLC, the prevailing party in

an action under the Michigan Uniform Fraudulent Transfer Act, Mich. Comp. Laws § 566.31 *et. seq.*,

and Silverman & Morris, PLLC, Dearborn's trial counsel, appeal a district court order holding them

jointly and severally liable for sanctions under Rule 11 of the Federal Rules of Civil Procedure,

based on their decision to maintain Huntington National Bank as a defendant in the action.  On

appeal, Dearborn and Silverman & Morris challenge both the imposition of sanctions and the

sanctions amount. For the following reasons, we **AFFIRM** the district court's finding that Dearborn and Silverman & Morris are subject to sanction, but **REVERSE** and **REMAND** for determination of the proper sanctions amount.

## BACKGROUND

On October 22, 2007, Dearborn Street Building Associates, LLC ("Dearborn"), a judgment creditor of PCI Holdings, LLC ("PCI"), commenced a diversity action in the United States District Court for the Western District of Michigan, seeking to avoid a May 2, 2007 land transfer entered into by PCI under the Michigan Uniform Fraudulent Transfer Act ("UFTA"), Mich. Comp. Laws § 566.31 *et seq*. Dearborn named as defendants to the action PCI, its judgment debtor; D&T Land Holdings ("D&T"), a PCI affiliate company that purchased the land; and Huntington National Bank ("Huntington"), the mortgagee who financed D&T's purchase and encumbered the property with a mortgage lien.

The factual basis of Dearborn's fraudulent transfer claim was that PCI sold D&T a parcel of real property known as 4444 Remembrance Road, N.W., Walker, Michigan and subsequently became insolvent in an effort to frustrate Dearborn's efforts to recover a $500,000 judgment. Dearborn also alleged that PCI sold the property to its affiliate for less than the reasonably-equivalent value, asserting that while the sale price of 4444 Remembrance Road was $890,000.00 before taxes and closing costs, D&T obtained just $750,000.00 in financing and failed to furnish the remaining balance of $155,143.64 at a later date.

Citing these events, Dearborn's complaint alleged that D&T and PCI engaged in actual and constructive fraud under Mich. Comp. Laws §§ 566.34 and 566.35 during the Remembrance Road

transaction. However, Dearborn did not accuse Huntington of specific misconduct. Instead, it identified Huntington as a mortgagee claiming an interest in the property, and requested only "such relief as is equitable with respect to the mortgage lien."

Despite being handed Huntington's entire file on the Remembrance Road transaction on February 18, 2008, comprising an estimated 609 documents; and despite having an opportunity to conduct further discovery between February and August 2008, Dearborn failed to supplement, amend or withdraw its pleadings against Huntington or investigate possible claims. On September 8, 2008, after the close of discovery, Huntington moved for summary judgment. This motion followed four unsuccessful attempts by Huntington to obtain voluntary dismissal from the action. Huntington made its first request for voluntary dismissal in its Answer filed on November 14, 2007; its second request in the Rule 16 joint status report entered into by parties on February 1, 2008; its third request in two letters dated February 18, 2008 and February 20, 2008, after it turned over its file on the Remembrance Road transaction; and its fourth request in a "safe harbor" letter, dated June 23, 2008, which threatened to pursue sanctions against Dearborn under Rule 11 of the Federal Rules of Civil Procedure if its action was not withdrawn. Huntington requested voluntary dismissal for a fifth and final time on October 17, 2008, during the pendency of its summary judgment motion. Although Dearborn denied these requests for voluntary dismissal on grounds that Huntington should submit an affidavit stating that it had not engaged in fraud, Dearborn never submitted a brief in opposition to Huntington's motion for summary judgment. Huntington's summary judgment motion was granted on January 6, 2009.

On January 15, 2009, nine days after its dismissal from the action, Huntington moved to sanction Dearborn and its counsel, Silverman & Morris, PLLC, under Rule 11 for bringing a complaint that lacked factual support, was unwarranted by law, and needlessly increased the cost of litigation. Dearborn objected, arguing that Huntington was a necessary party to the lawsuit as a mortgagee; that Huntington was a proper defendant because it had financed the Remembrance Road transaction in bad faith; and that Huntington's refusal to provide a sworn affidavit stating that it had not engaged in fraud vindicated Dearborn's decision to maintain it as a defendant, despite its requests for voluntary dismissal.

On September 16, 2009, Dearborn prevailed on its fraudulent transfer claims with respect to defendants D&T and PCI and received a monetary judgment. However, in an opinion dated September 30, 2009, the district court granted Huntington's motion for Rule 11 sanctions, holding that Dearborn's lawsuit against the bank had been frivolous because (1) Huntington was not a necessary party; (2) Dearborn's pleadings failed to set forth viable claims; (3) Dearborn failed to conduct discovery or otherwise prosecute its action; and (4) Dearborn failed to respond to Huntington's motion for summary judgment. Citing the need to deter similar misconduct, the district court found Dearborn and Silverman & Morris jointly and severally liable for attorney fees in the amount of $14,073.39, representing all of the attorney fees and expenses that Huntington incurred during the litigation.

On October 29, 2009, Dearborn and Silverman & Morris filed this timely appeal, alleging that the district court abused its discretion in imposing sanctions under Rule 11, and alternatively, that it abused its discretion in calculating the sanctions amount.

**DISCUSSION**

**I.** **The District Court's Imposition of Rule 11 Sanctions**

**A.** **Standard of Review**

An order awarding sanctions under Rule 11 of the Federal Rules of Procedure is reviewed for abuse of discretion. *See Merritt v. Intl. Ass'n of Machinists & Aerospace Workers*, 613 F.3d. 609, 626 (6th Cir. 2010). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010) (citing *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

**B.** **Analysis**

Rule 11 imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of proceedings. *See Merritt,* 613 F.3d at 627 (citing *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 (6th Cir. 1988)). In the instant case, Dearborn named Huntington as a defendant in its lawsuit against D&T and PCI and requested equitable relief without ever stating grounds upon which Huntington could be held liable. Although Rule 11(b)(3) permits pleadings that are "based on evidence reasonably anticipated after further investigation or discovery," *Rotella v. Wood,* 528 U.S. 549, 560 (2000), Dearborn failed to conduct discovery or develop a factual foundation for its claims against Huntington when given a reasonable opportunity to do so. The district court premised its award of sanctions on this fact, stating:

> [P]laintiff engaged in objectively unreasonable conduct in naming Huntington as a
> defendant in the amended complaint, when it failed to set forth any allegations

against Huntington to establish an UFTA violation, failed to conduct discovery to investigate the possibility of such a claim, and then failed to file any response to Huntington's motion for summary judgment.

*Dearborn St. Bldg. Assocs.*, *LLC v. D&T Land Holdings*, *LLC*, No. 1:07-cv-1056, 2009 WL 3234133, at *6 (W.D. Mich. Sept. 30, 2009). Dearborn acknowledges that it failed to raise specific allegations against Huntington, but raises three arguments in its defense. First, citing *Ocwen Federal Bank, FSB v. International Christian Music Ministry, Inc*., No. 249081, 2004 WL 1533872 (Mich. Ct. App. July 8, 2004) (per curiam), *rev'd on other grounds,* 472 Mich. 923 (2005), an unpublished decision of the Michigan Court of Appeals, Dearborn contends that its lawsuit was proper because Huntington was a necessary party under Michigan law. The district court rejected this contention after reviewing caselaw and secondary authorities, and we review this determination for abuse of discretion. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 199 (6th Cir. 2001).

As a preliminary matter, Dearborn's reliance on Michigan law is misplaced. In diversity cases, the question of whether an individual or entity is a necessary party is a procedural question governed by federal law. *See Hooper v. Wolfe*, 396 F.3d 744, 749 n.4 (6th Cir. 2005) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)); *see also Scenic Holding, LLC v. New Board of Trs. of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 668–69 (8th Cir. 2007) (Bye, J., concurring in part and dissenting in part) (error to view joinder as a question of state substantive law rather than federal procedural law); *Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 937–38 (3d Cir. 1994) (error to conclude that party was necessary to diversity action based on state statute mandating joinder).

Further, questions regarding who qualifies as a necessary party are fact-specific inquiries that turn on whether joinder is necessary to afford complete relief, and whether any interests will be impaired, impeded, or subject to inconsistent obligations by virtue of non-joinder. *See* Fed. R. Civ. P. 19(a)(1); *see also Sch. Dist. of Pontiac v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 265–66 (6th Cir. 2009) (en banc) (endorsing a pragmatic approach that looks to whether relief can be afforded in a given proceeding). In the instant case, Dearborn has failed to provide any explanation for why Huntington's presence in the action was necessary to afford it the relief sought—avoidance of the Remembrance Road transaction—and this Court is unable to find any. Dearborn has also failed to show how avoidance would impair or otherwise affect Huntington's interests; indeed, at oral argument, Dearborn conceded that avoiding the Remembrance Road transaction would not extinguish Huntington's mortgage, and that any property interest Dearborn gained would remain subject to Huntington's mortgage. On these facts, we cannot find that the district court abused its discretion in concluding that Huntington was not a necessary party.

Next, Dearborn argues that the district court erred in imposing sanctions because Rule 11 does not authorize sanctions for failing to conduct discovery or respond to dispositive motions. This argument is unsupportable. Although Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions," *Jones*, 617 F.3d at 856, and "does not provide sanctions for failing to prepare and sign a document," *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121 (9th Cir. 1991), Rule 11 sanctions are nonetheless proper where, as here, instead of withdrawing a complaint or agreeing to dismissal, a plaintiff "continued to litigate after it became clear that his claim was frivolous, unreasonable or without foundation." *Bailey v. Papa John's USA, Inc.*, 236

Fed. App'x 200, 203 (6th Cir. June 11, 2007); *see also Rentz v. Dynasty Apparel Indus*., *Inc.,* 556 F.3d 389, 395 (6th Cir. 2009) (discussing Rule 11's "continuing duty of candor"); *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (same); *Herron*, 858 F.2d at 335–36 (discussing litigants "continuing responsibility to review and reevaluate [their] pleadings").

Finally, Dearborn argues that its refusal to grant Huntington a timely dismissal was proper because Huntington refused to submit an affidavit stating that it had not engaged in fraud in connection with the relevant transaction. However, Dearborn cites no legal authority to support its contention that it was entitled to demand such an affidavit as a precondition to agreeing to dismiss Huntington from the action, and this Court has been unable to locate any such authority. Consequently, because Dearborn failed to develop the evidentiary foundation of its claim for equitable relief against Huntington when given an opportunity to do so; failed to supplement, amend or withdraw its pleadings; and "continu[ed] to insist upon a position that is no longer tenable," *Rentz*, 556 F.3d at 395 (internal citations omitted), we hold that the district court did not abuse its discretion in awarding Rule 11 sanctions.

## II.     The District Court's Calculation of the Sanctions Amount

Rule 11 emphasizes deterrence, not compensation. *See Ridder*, 109 F.3d at 293–94. Therefore, any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Rentz,* 556 F.3d at 395 (citing Fed. R. Civ. P. 11(c)(4)). This includes attorney fees in appropriate circumstances. *See id*. However, because Rule 11 carefully assigns responsibility between represented parties and their counsel, only attorneys may

be held liable where the basis of a sanctions award is the frivolousness of a party's *legal* position. *See* Fed. R. Civ. P. 11(c)(5)(A).

Because Dearborn's pleadings were unsupportable due to their lack of evidentiary support, which constitutes a violation of Rule 11(b)(3), the district court did not abuse its discretion in finding Dearborn and Silverman & Morris jointly and severally liable for sanctions.  *See* Fed. R. Civ. P. 11(c)(5) (immunizing represented parties only where the basis for sanctions is Rule 11(b)(2)). Furthermore, because Rule 11 expressly provides that attorney fees may serve as a form of sanctions where "imposed on motion and warranted for effective deterrence," *Rentz*, 556 F.3d at 395 (citing Fed. R. Civ. P. 11(c)(4)), the district court did not abuse its discretion in finding that attorney fees were proper.

However, with respect to the sanctions amount, we conclude that the district court erred when it calculated Huntington's attorney fees from the date that Dearborn initiated its action.  Because sanctions can have the effect of "chill[ing] vigorous advocacy," *Tahfs v. Proctor*, 316 F.3d 584, 594–95 (6th Cir. 2003), this Court has limited sanctions to "the point in time at which [plaintiffs] should have realized that their claims were frivolous and the lawsuit should have been voluntarily dismissed." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 643 (6th Cir. 2009) (discussing sanctions under 28 U.S.C. § 1927).  In the instant case, we believe that while Dearborn's action against Huntington may have been proper at the time of filing, *see, e.g.*, Fed. R. Civ. P. 11(b)(3) (explaining that the evidentiary foundation of claims may be fleshed out through discovery); *Black Hills Inst. of Geological Research v. S.D. Sch. of Mines & Tech.*, 12 F.3d 737, 745 (8th Cir. 1993) (stating that joinder is sanctionable only when "baseless or lacking in plausibility"), Dearborn

9

probably should have realized that its claims against Huntington were unsupportable and amended or withdrawn its complaint around February 18, 2008, when it received Huntington's complete file on the Remembrance Road transaction, reviewed its contents, and declined to conduct further investigation or discovery.

Therefore, we **REVERSE** the district court's calculation of the appropriate sanctions award. However, because it is unclear what date Dearborn should have reasonably completed its review of Huntington's file or consented to Huntington's dismissal, we **REMAND** for a recalculation by the district court of the attorney fees reasonably incurred by Huntington after the date upon which Dearborn should have agreed to Huntington's dismissal. Toward this end, the district court, in its discretion, may wish to conduct an evidentiary hearing.

## CONCLUSION

Although the district court properly found that Dearborn and Silverman & Morris were subject to Rule 11 sanctions for their lawsuit against Huntington, the district court may have miscalculated the sanctions amount. Sanctions should run from the date that Dearborn should have completed its timely review of Huntington's file, or otherwise should have been able to reasonably determine that its claims against Huntington were unsupportable, rather than the date upon which Dearborn initiated its action. Therefore, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part, and we **REMAND** for further proceedings consistent with this opinion.

**HELENE N. WHITE, Circuit Judge** (concurring). Dearborn's complaint contains a single factual allegation regarding Huntington: "Defendant Huntington is believed to claim an interest in the Property as mortgagee." There is no contention that this allegation lacks factual support. Additionally, as to each count, the complaint asked that the sale and transfer be avoided and for "such relief as is equitable with respect to the mortgage lien of The Huntington National Bank." Although Dearborn's counsel may have been mistaken regarding the need to join Huntington as a party, there is no basis to conclude that such joinder was made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Nor is it "[un]warranted by existing law," Fed. R. Civ. P. 11(b)(2), for counsel or a party who is uncertain regarding the need to join an entity asserting an interest in property that is the subject of litigation to join the party, state a basis for its claim, and leave the determination to the court.

Were this all that was involved here I would dissent from the affirmance of sanctions. It appears, however, that at various points Dearborn took the position that it might, in fact, have substantive claims against Huntington. Huntington's requests for voluntary dismissal were not met with an acknowledgment that the bank was joined simply because it might prove to be a necessary party and a preference to have the court rule on the matter, but, rather, with a demand that the bank provide an affidavit denying culpability for claims that were not alleged in the complaint and were not supported by the only discovery conducted. Under these circumstances I concur in the majority's determination that Dearborn can fairly be said to have "continu[ed] to insist upon a position that is no longer tenable." Maj. Op. at 8 (quoting *Rentz*, 556 F.3d at 395 (citation omitted)).

11

I join in Section II of the majority's opinion.