NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0909n.06
Filed: December 20, 2006

No. 04-6499

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GERARD A. BAILEY, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| PAPA JOHN'S USA, INC. | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:    MERRITT and MOORE, Circuit Judges; COLLIER, District Judge.[*]

**CURTIS L. COLLIER, District Judge.** Plaintiff-Appellant Gerard Bailey ("Bailey")

appeals the district court's grant of Defendant-Appellee Papa John's USA, Inc. ("Papa-John's")

motion for summary judgment. Although we do not agree with the district court's analysis, we

**AFFIRM** the District Court's grant of summary judgment because Bailey is unable to show Papa

John's reason for terminating Bailey's employment was mere pretext for discrimination.

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District
of Tennessee, sitting by designation.

## I. FACTS AND PROCEDURE

The facts of the case have been recited in full in the district court's opinion below and are fully incorporated here. On March 18, 2002, Bailey sued his former employer, Papa John's, shortly after being terminated from his position as general manager of a Papa John's restaurant in Oak Grove, Kentucky. Bailey, an African-American, claimed his termination was a result of race-based discrimination.[1] On February 2, 2004, following the completion of discovery, Papa John's moved for summary judgment.[2]

In Papa John's reply brief on the motion for summary judgment, Papa John's conceded Bailey met the first, second and fourth criteria required for a Title VII claim. Bailey is a member of a protected class (he is African-American), was subjected to an adverse employment action (he was terminated) and was replaced by a person outside the protected class (a white store manager). Papa John's asserted, and the district court found, Bailey failed to introduce sufficient evidence to raise a genuine issue of material fact as to the third criteria for a Title VII claim, that is, Bailey must have been qualified for the position at the time.

Accordingly, on November 15, 2004, the district court granted Papa John's motion for

---

[1]Bailey also claimed he was illegally denied compensation for overtime worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a). Bailey does not pursue an appeal of the district court's grant of summary judgment on his Fair Labor Standards Act claim.

[2]As the district court's opinion on the summary judgment motion pointed out, Papa John's summary judgment motion relied heavily on Bailey's own admissions during his deposition, including: (1) Bailey was not meeting Papa John's performance expectations; (2) Papa John's expectations were not unreasonable; and (3) Bailey never heard racial remarks at any time during his employment with Papa John's.

summary judgment. Citing Bailey's long history of sub-par performance and Papa John's reasonable expectations, the district court concluded Bailey did not present a prima facie case because there was no genuine issue of material fact as to whether Bailey was meeting Papa John's expectations at the time of his termination. This decision was based primarily upon Bailey's continued failure to meet Papa John's established profitability goals and Bailey's refusal to agree to a performance improvement plan. On December 13, 2004, Bailey timely appealed the district court's grant of summary judgment with respect to the Title VII claim.

## II. STANDARD OF REVIEW

The Court reviews *de novo* a district court's order granting summary judgment. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make a

sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S. Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S. Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III.  ANALYSIS

**A.**      **Prima facie case**

For claims such as Bailey's which lack direct evidence of intent to discriminate, the well-established *McDonnell Douglas/Burdine* burden-shifting framework applies to claims of discrimination brought under Title VII. *McClain v. NorthWest Community Corrections Center Judicial Corrections Bd.*,  440 F.3d 320, 332 (6th Cir. 2006)(citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992))(referencing *McDonnell Douglas Corporation v. Green*, 411 U.S. 792

(1973)). "To demonstrate a prima facie case, the plaintiff must show that '(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees.'" *Wright v. Murray Guard, Inc.,* 455 F.3d 702, 707 (6th Cir. 2006)(quoting *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004)). As mentioned above, it is undisputed Bailey meets the first, second, and fourth elements; Papa John's fired Bailey, an African-American, and replaced him with a white manager. Papa John's argued, and the district court found, Bailey's prima facie case fails on the third element because Bailey's performance did not satisfy Papa John's reasonable standards and expectations.

The district court held Bailey could not establish a prima facie case because he was not qualified for his job as manager of the Papa John's store. This conclusion was based upon the undisputed "underlying facts which, taken together, indicated [Bailey] simply was not performing to his employer's reasonable satisfaction." (Joint Appendix, p. 1005). In support of this conclusion, the district court pointed out Bailey had a significant, on-going difficulty managing the labor and food costs to meet Papa John's profitability goals. Citing Bailey's long history of sub-par performance and Papa John's reasonable expectations, the district court concluded there was no genuine issue of material fact as to whether Bailey was meeting Papa John's expectations at the time of his termination.

This case is similar to *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003). In *Wexler*, the district court concluded the plaintiff could not establish a prima facie case because he was not qualified for his job as a store manager based upon the undisputed fact that the store's

sales were declining. *Id.* at 574. This court held the district court's conclusion was flawed for two reasons. First, a district court "may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case" as this would bypass the burden-shifting analysis and "deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to mask discrimination." *Id.* Second, the *Wexler* panel found there was "insufficient proof in the record for us to conclude that [the plaintiff] was unqualified, as a matter of law, because of the store's declining sales." *Id.* at 575. The plaintiff disputed the drop in sales at his store was proof that he was unqualified and argued the decline in sales was due to factors other than his performance. *Id.*

In the present case, the district court's conclusion Bailey failed to establish a prima facie case is flawed for the same two reasons the district court's decision in *Wexler* was flawed. In considering Papa John's reason for taking an adverse employment action when analyzing the prima facie case, the district court deprived Bailey of the opportunity to show Papa John's reason for terminating his employment was a pretext to mask discrimination. Further, there was insufficient proof for the district court to find, as a matter of law, the failure to meet Papa John's reasonable expectations were proof of Bailey's being unqualified for the job. Bailey, like the plaintiff in *Wexler*, disputes his failure to meet Papa John's expectations was related to his performance and qualifications for the job and points to various other factors as contributing to his problem with controlling labor and food costs.

At the prima facie stage, "a court should focus on a plaintiff's objective qualifications to determine whether he or she is qualified for the relevant job." *Id.* at 575. A plaintiff can meet the

prima facie burden of showing he or she is qualified "by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field." *Id.* at 575-76. "Although the specific qualifications will vary depending on the job in question, the inquiry should focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills." *Id.* at 576.

In this case, looking at the evidence in the light most favorable to Bailey, he did possess the minimum objective qualifications for employment in the field.

**B.     Pretext**

As the district court found Bailey did not sustain his burden of establishing a prima facie case, the district court did not consider the matter further. Since this Court concludes Bailey sustained his burden of establishing a prima facie case, the burden then shifts to Papa John's to articulate a legitimate, nondiscriminatory reason for Bailey's termination. *McClain,* 440 F.3d at 332. If Papa John's articulated such a reason, the burden returns to Bailey to produce evidence from which a jury could find that Papa John's stated reason is not credible and is a mere pretext for discrimination. *Tysinger v. Police Dept. of City of Zanesville*, 463 F.3d 569, 576 (6th Cir. 2006).

In briefing the summary judgment motion, the parties both argued to the district court what should happen if the district court found Bailey sustained his burden of establishing a prima facie case.[3] Papa John's reply brief at the summary judgment stage stated "the basis for Papa John's

---

[3] At oral argument, Bailey agreed that he had notice and opportunity to demonstrate pretext below and had no further evidence.

decision to discharge Bailey was two-fold: (1) Bailey's refusal to respond to his superiors' questions regarding the 'integrity issues' and his unwillingness to accept the performance improvement plan; and (2) Bailey's persistent issues with food and labor costs up through his discharge." (Joint Appendix, p. 205). Upon Bailey's refusal to cooperate in the performance improvement plan and his refusal to discuss the letter alleging "integrity issues" in a meeting with the regional vice president, area supervisor and district manager, Bailey's employment was terminated.

To demonstrate Papa John's stated reasons for terminating Bailey's employment was pretextual, Bailey must show the reasons offered by Papa John's for his discharge either: (1) have no basis in fact; (2) did not actually motivate Papa John's decision to terminate Bailey's employment; or (3) were insufficient to warrant Bailey's termination. *Tysinger*, 463 F.3d at 576. Bailey's response brief (at the summary judgment stage) states the following in arguing Papa John's reason is pretextual:

> The Defendant has indicated that the Plaintiff's termination was nondiscriminating as it was based upon his work performance. The Plaintiff worked for the defendant for five and half [sic] (5 1/2) years, and the only written evaluation that the Defendant utilized to substantiate their claim is the evaluation of 9-2-1996, approximately a year and a half after the Plaintiff began his tenure with the Defendant. See, Plaintiff's Affidavit. No other written evaluations were produced or referenced to indicate that the Plaintiff continued with a negative performance in the store.

(Joint Appendix, p. 857). As the facts underlying Bailey's failure to meet Papa John's expectations are undisputed and Papa John's has fired other managers for failing to meet the same standards,[4] it seems Bailey's argument invokes the second prong.

---

[4]At oral argument, Papa John's counsel pointed out the manager who was hired to replace Bailey was also eventually fired for failing to meet Papa John's standards.

This court does not find Bailey's argument persuasive. Even if the September 1996 evaluation was the only written documentation offered, there are substantial facts outlined in Bailey's own deposition, as well as the depositions of Bailey's supervisor and district manager, which show Papa John's was dissatisfied with Bailey's store's performance and actively tried to help Bailey improve the store's profitability. Once their efforts to help failed and Bailey refused to sign the performance improvement plan or even discuss the "integrity issues" Bailey vaguely made reference to in his letter, Bailey's employment was terminated. Nothing of Bailey's argument addresses this evidence or produces any evidence contradicting it. In short, Bailey offers no evidence demonstrating the undisputed facts in the record showing Bailey's performance did not meet Papa John's standards did not motivate Papa John's decision to discharge Bailey. Further, Bailey failed to proffer any evidence that discrimination was the real reason for his discharge. As such, summary judgment is proper on Bailey's Title VII claim.

## IV. CONCLUSION

Because Bailey failed to show Papa John's reason for terminating Bailey was mere pretext for discrimination, we **AFFIRM** the District Court's grant of summary judgment for Papa John's.