**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0382n.06
Filed: June 11, 2007

Nos. 05-6068/05-6108

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **Gerard Bailey,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **Papa John's USA, Inc.** | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

**BEFORE:**    **Merritt and Moore, Circuit Judges; Collier, District Judge.**[*]

   **MERRITT, Circuit Judge.**  Plaintiff Gerard Bailey filed a complaint in this action alleging (1) termination resulting from racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and (2) failure to compensate for overtime worked in violation of the Fair Labor Standards Act.  The district court granted summary judgment to defendant Papa John's USA, Inc. on both counts.  *See Bailey v. Papa John's USA, Inc.*, No. 04-6499, 2006 WL 3740991 (6th Cir. Dec. 20, 2006).  Based on the district court's ruling,  Papa John's filed a motion for attorney fees, litigation expenses and costs incurred in defending the case.  Plaintiff's counsel, Robert J. Martin, pursued the Fair Labor Standards Act claim to summary judgment after the evidence clearly demonstrated that

---

   [*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

there was no factual basis to support the claim.  The district court awarded costs and $5,000 in attorney fees to defendant.  Both parties appeal the ruling.  The issues specifically before us in this appeal are (1) whether the district court abused its discretion in imposing sanctions on Mr. Martin under Rule 11 and in imposing attorney fees on him under 28 U.S.C. § 1927 and (2) whether costs were justified under Federal Rule of Civil Procedure 54 and, on defendant's cross-appeal, (3) whether the amount of attorney fees awarded was sufficient to reimburse defendant for excessive attorney fees incurred as a result of plaintiff's counsel conduct.

We review a district court's decision to impose sanctions under Rule 11 or attorney fees under § 1927 for abuse of discretion.  *Ridder v. City of Springfield,* 109 F.3d 288, 293, 298 (6th Cir. 1997).  For the reasons set forth below, we affirm the judgment of the district court.

**I.**

To briefly recap the facts underlying the merits of the action, plaintiff, a former manager at Papa John's, alleged two counts in his complaint:  (1) termination resulting from racial discrimination in violation of Title VII and (2) failure to compensate for overtime worked in violation of the Fair Labor Standards Act.  Plaintiff was deposed on October 21, 2003, and conceded in his deposition that he was an exempt employee under the Fair Labor Standards Act and was therefore not entitled to overtime pay.[1]  Based on the lack of evidence supporting the Fair Labor

---

[1]Salaried employees are exempt from the provisions of the Fair Labor Standards Act.  The regulations implementing the Act set forth the "test" for determining whether an employee is paid "on a salary basis" and therefore exempt from the Act's provisions:

> if under his employment agreement he regularly receives each pay period on a
> weekly, or less frequent basis, a predetermined amount constituting all or part of his

Standards Act claim at the conclusion of Bailey's deposition, defendant's counsel wrote letters on

two different occasions to plaintiff's counsel asking him to withdraw the Fair Labor Standards Act

claim. Plaintiff's counsel failed to respond to either letter and did not withdraw the claim. He

explained at oral argument that he was experiencing family difficulties during that time. Defendant

filed its motion for summary judgment four months later, on February 2, 2004. Plaintiff received

several extensions in filing his response to the summary judgment motion and ultimately filed it in

September 2004. The argument in support of the Fair Labor Standards Act claim was only one page.

J.A. at 843.

On November 14, 2004, the district court granted summary judgment to defendant Papa

John's on both counts. Bailey appealed only the Title VII claim to our Court and specifically waived

his right to appeal his Fair Labor Standards Act claim. We affirmed the district court's judgment

for defendant; but, because plaintiff did not appeal the Fair Labor Standards Act claim, we did not

discuss the claim in the opinion on the merits. *See Bailey v. Papa John's USA, Inc.*, No. 04-6499,

2006 WL 3740991 (6th Cir. Dec. 20, 2006).

During the pendency of the appeal on the merits, defendant filed a motion in the district court

for attorney fees totaling about $95,000 and for litigation expenses and costs in the amount of

$3,334.50 (Memorandum in Support of Motion, J.A. at 1026; Bill of Costs, J.A. at 1054). Defendant

sought attorney fees and costs for both the Title VII claim and the Fair Labor Standard Act claim.

---

compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a).

The motion was based on three grounds: Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and

the district court's inherent power to award fees as described in *Roadway Express, Inc. v. Piper*, 447

U.S. 752 (1981). Defendant did not seek attorney fees under the statutory provisions in Title VII or

the Fair Labor Standards Act.

The district court awarded costs to Papa John's as the prevailing party under Fed. R. Civ. P.

54 (d)(1)[2] for the full amount of $3,334.50, and attorney fees in the amount of $5,000 – a little less

than 5% of the defendant's request. (J.A. at 1112) The attorney fees were awarded pursuant to Rule

11 and 28 U.S.C. § 1927 because the district court found that plaintiff's counsel knew or should have

known by the completion of plaintiff's deposition on October 21, 2003, that plaintiff was exempt

from the provisions of the Fair Labor Standards Act and the claim lacked a factual basis, thereby

rendering counsel's decision to pursue the claim further to the summary judgment stage unreasonable

under the circumstances and in violation of his duty to the court under Rule 11. The district court

did not award the fees pursuant to its inherent power because it did not find that plaintiff's counsel

acted in bad faith, a requirement for such an award. Nor did the district court award any attorney

fees to defendant for the Title VII claim, finding that the claim was not meritless because it was not

unreasonable under the facts or the law for plaintiff to have pursued that claim through the summary

judgment phase.

**II.**

---

[2]Rule 54(d)(1) provides in pertinent part: "[C]osts other than attorneys' fees shall be allowed
as of course to the prevailing party unless the court otherwise directs."

The standard for granting attorney fees to a prevailing employer is more stringent than that for awarding fees to a prevailing employee. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978). The employer may be awarded attorney fees where the plaintiff's claim was "frivolous, unreasonable, or without foundation," or where the plaintiff continued to litigate after it became clear that his claim was frivolous, unreasonable or without foundation. *Id*. We first determine whether any sanctions or attorney fees were warranted under this standard.

Rule 11 requires attorneys to make reasonable inquiries to determine that their pleadings, motions and other papers are "well grounded in fact" and "warranted by existing law or good faith argument for the extension, modification or reversal of existing law . . . ." *Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1180 (6th Cir. 1987). Plaintiff's opposition to defendant's motion for summary judgment constituted a written motion or other paper under Rule 11(b).[3] The Fair

---

[3] **(b) Representations to Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on

Labor Standards Act claim relating to the overtime hours did not have the necessary factual support, which Mr. Martin knew or should have known independently of Bailey's concession in his deposition testimony that he was a salaried employee. Bailey's primary duty at Papa John's was management: he regularly directed the work of approximately 37 or 38 other employees; interviewed, hired and then trained other employees; recommended raises; planned work schedules; and directed the work of his employees, thereby easily meeting the criteria of an exempt employee under the Fair Labor Standards Act. Therefore, the district court correctly found that Bailey's counsel's decision to pursue the Fair Labor Standards Act claim to summary judgment was unreasonable under the circumstances and in violation of his duty to the court under Rule 11.

Similarly, attorney fees under 28 U.S.C. § 1927[4] are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987). The purpose is to deter dilatory litigation practices. *See Jones v. Continental Corp.,* 789 F.2d 1225, 1230-

the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Federal Rule of Civil Procedure 11.

[4]**§ 1927. Counsel's liability for excessive costs**

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

31 (6th Cir. 1986). Because Section 1927 imposes an objective standard of conduct on attorneys, courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927. *Id.* Instead, a district court may impose liability for attorney fees under section 1927 when it determines that "an attorney reasonably should know that a claim pursued is frivolous." *Id.*

While imposition of section 1927 sanctions does not require a showing of subjective bad faith, something more than negligence or incompetence must be demonstrated. *See In Re Ruben,* 825 F.2d at 984; *Jones,* 789 F.2d at 1230 ("we hold that 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety."). An attorney becomes sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings. *See United States v. Wallace,* 964 F.2d 1214, 1220 (D.C. Cir.1992) (observing that recklessness is a lower standard than bad faith, requiring "deliberate action in the face of a known risk, the likelihood or impact of which the actor [inexcusably] underestimates or ignores.").

In this case, plaintiff filed a two-count complaint. When one count of a multi-count complaint turns out to be baseless after discovery, as here, that claim should be withdrawn. However, a claim is not groundless simply because it was ultimately unsuccessful. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). Whether a case is well-grounded in fact will sometimes not be evident until a plaintiff has been given a chance to conduct discovery. *See Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 373-74 (6th Cir. 1996) (The "gravaman of Rule 11 [is not in] the filing of the claim that eventually turns out to be meritless, but rather the

persistence in pursuing that claim after the pleader has or should have become aware of its lack of merit."). Fee awards become proper only after counsel knew or should have known that the claim has no factual or legal basis.

In *Runfola*, the district court imposed sanctions not because plaintiff's claim was ultimately meritless, but because plaintiff excessively lengthened the discovery process and then failed voluntarily to dismiss the action after becoming aware of the inability to assert any competent evidence to support the claim. We based our decision on plaintiff's counsel's discovery abuse and failure to dismiss the case after becoming aware that it lacked merit, not on bringing the initial claim. As in *Runfola*, it is not sanctionable for plaintiff's counsel to have brought the claim in the first place because the standard for exemption under the Act is general and open to interpretation, and a valid basis may have existed prior to discovery. We will not disturb the district court's exercise of discretion where, as here, it decided not to award attorney fees back to the time of the filing of the case.

By failing to acknowledge that Bailey did not have a cognizable Fair Labor Standards Act claim, Bailey's attorney prolonged the inevitable at a cost to Papa John's. By refusing to voluntarily claim dismissed, counsel unreasonably protracted the proceedings. Accordingly, attorney fees are warranted.

**III.**

Once it is established that sanctions are warranted, the district court must determine the amount. In circumstances such as this, where there is no bad faith and where a claim's lack of merit became clear only after discovery, a defendant should be awarded attorney fees only to the extent

counsel for defendant worked on the claim after plaintiff knew or should have known the claim was frivolous and should be withdrawn. If a party or the court is unlikely to have expended significant cost or incurred significant inconvenience based on a party's failure to withdraw a meritless claim, fees are generally not warranted in the absence of bad faith on the part of plaintiff. *Lisle v. Metro. Gov't of Nashville*, Nos. 01-6049, 02-5706, 2003 WL 21580642, at *8 (6th Cir. July 9, 2003).

In awarding the defendant $5,000 in attorney fees, the district court stated "the Court believes [$5,000] reasonably reflects the amount of time added to the litigation by Plaintiff's counsel's improper decision to pursue the [Fair Labor Standards Act] claim to summary judgment." Op. at 9, J.A. at 1120. The district court did not explain in detail how it reached the amount of $5,000. Documents in the record reflect only how many hours defendant's counsel spent on the entire case, which includes both claims. We cannot find in the record a document in which either party or the district court disentangled the costs of defending the Title VII claim from the Fair Labor Standards Act claim.

Although we would have preferred a more detailed accounting, or some other more specific explanation from the district court supporting the $5,000 award, in the absence of such an accounting or explanation, we look to the amount of argument devoted by defendant to the Fair Labor Standards Act claim in its summary judgment papers. We find that defendant devoted far less space in its papers to the Fair Labor Standards Act claim than to the Title VII claim. According to our calculations based on Defendant's Motion for Attorney Fees, Litigation Expenses, and Costs, Civ.

-9-

Act. No. 5:02-CV-00076-R (W.D. Ky. filed Dec. 30, 2004),[5] during the approximately four-month time frame between taking Bailey's deposition on October 21, 2003, and filing the summary judgment motion on February 2, 2004, defendant expended $19,047 in attorney fees. Looking at the award from that perspective, the $5,000 award is about one-fourth of the amount expended during the time period in which the district court found that it was improper for plaintiff's counsel to have pursued the Fair Labor Standards Act claim (Date of Bailey's deposition on October 21, 2003, to filing of summary judgment motion on February 2, 2004). After studying the facts in the record obtained by this Court from the district court, we conclude that the district court did not abuse its discretion in awarding $5,000 in attorney fees or approximately one-fourth of the total amount expended by defendant during the four-month period between plaintiff's deposition and the filing of defendant's summary judgment motion.

**IV.**

For the reasons discussed above in denying plaintiff's appeal, we also deny defendant's cross-appeal for reimbursement of all of its attorney fees. The Title VII claim was not meritless, and we have explained that the claim under the Fair Labor Standards Act did not become recognized as entirely meritless until the time of plaintiff's deposition.

**Conclusion**

---

[5]Exhibit 1 to the Motion is a daily breakdown of the time worked on this case by the attorneys in defendant's law firm. The document gives the date, which attorney worked on the case that day, that attorney's rate, and the number of hours worked that day. There is no description of the work and no breakdown as to whether the time was spent on the Title VII claim or the Fair Labor Standards Act claim.

It was clear before the summary judgment stage that the Fair Labor Standards Act claim lacked the necessary factual basis and was without evidentiary support. Bailey's attorney either knew, or reasonably should have known, that the Fair Labor Standards Act claim was meritless and the district court appropriately found counsel's conduct in continuing to pursue the claim to summary judgment violated section 1927 and Rule 11. For the foregoing reasons, we affirm the judgment of the district court.