NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0697n.06

Nos. 13-1840, 13-1896; 13-1849, 13-1897

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 08, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| **Nos. 13-1840/1896** ) | |
| JANYCE H. TILMON-JONES, ) | |
| ) | ON APPEAL FROM THE |
| Plaintiff-Appellee/Cross-Appellant, ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE EASTERN |
| v. ) | DISTRICT OF MICHIGAN |
| ) | |
| ARMEN BOLADIAN; and BRIDGEPORT ) | |
| MUSIC, INC., ) | |
| ) | |
| Defendants-Appellants/Cross-Appellees. | |

| |
|---|
| **Nos. 13-1849/1897** ) |
| JANYCE H. TILMON-JONES; CATHERINE M. ) |
| CARTWRIGHT; STEVEN M. TILMON; GLOBAL ) |
| ROYALTY NETWORK & PUBLISHING, ) |
| ) |
| Plaintiffs-Appellees/Cross-Appellants, ) |
| ) |
| v. ) |
| ) |
| BRIDGEPORT MUSIC, INC.; SOUTHFIELD ) |
| MUSIC, INC.; WESTBOUND RECORDS, INC.; ) |
| NINE RECORDS, INC.; SYNC2PICTURE, LLC; ) |
| ARMEN BOLADIAN, ) |
| ) |
| Defendants-Appellants/Cross-Appellees. ) |

BEFORE: ROGERS and KETHLEDGE, Circuit Judges; and MALONEY, District Judge[*]

ROGERS, Circuit Judge. In 2006 Janyce Tilmon-Jones sued defendants Bridgeport

Music, Inc. and Armen Boladian for allegedly failing to pay royalties on two musical works of

---

[*] The Honorable Paul L. Maloney, United States District Judge for the Western District of
Michigan, sitting by designation.

her late husband, Abrim Tilmon, Jr. That underlying case, *Tilmon-Jones v. Boladian*, was settled, but plaintiff Tilmon-Jones kept litigating, moving twice to reopen the case and filing a new lawsuit, *Tilmon-Jones, et al. v. Bridgeport, et al*. In a joint order relying on 28 U.S.C. § 1927 and Federal Civil Rule 11, the district court awarded $40,000 in sanctions against Tilmon-Jones's counsel: (a) $20,000 for filing the motions to reopen *Boladian*, and (b) $20,000 for filing the new lawsuit. Defendant Bridgeport appeals both awards as too little, seeking full compensation for its attorneys' time, in the amounts of $148,221.44 for *Boladian* and $172,260.19 for *Bridgeport*. The district court did not abuse its discretion in ordering the award amount in the *Boladian* case, but a remand is required so that the district court may give further consideration and an explanation with respect to the award amount in the *Bridgeport* case.

In the 1970s and in 1980, Abrim Tilmon, Jr. entered into multiple songwriter agreements with Bridgeport Music, Inc., which assigned to Bridgeport Tilmon's interest in certain works written or co-written by him. Bridgeport R. 1, at 10, PageID # 10; Bridgeport R. 1-2, at 2–3, PageID # 78–79; Bridgeport R.1-4, at 2–5, PageID # 84–87; Bridgeport R. 1-5, at 2–4, PageID # 89–91; Bridgeport R. 1-6, at 2–4, PageID # 93–95; Bridgeport R. 12-6, at 3, 5, 7–8 PageID # 555, 557, 559–60. Tilmon died in 1982, and in 2006, Janyce Tilmon-Jones, Tilmon's surviving spouse and the assignee of the residue of his estate, sued Bridgeport and Armen Boladian, Bridgeport's president and sole shareholder, alleging that Bridgeport failed to pay royalties for two musical works written by Tilmon. Boladian R. 1 at 1, 4–8, 15–16, PageID # 1, 4–8, 15–16; Boladian R. 59 at 2, PageID # 583. The parties settled that action pursuant to a

written agreement on September 6, 2007, and the district court entered a consent order of settlement, whereby all causes of action and claims as to Bridgeport Music, Inc., including future claims, were dismissed with prejudice. Boladian R. 37 at 1–4, PageID 179–82; Bridgeport R. 15-20, at 5, PageID # 754.

In November 2010, Tilmon-Jones filed a motion to set aside the settlement, alleging that it had been procured through fraud on the court, because defendants' counsel withheld material documents prior to the settlement. Boladian R. 49 at 2, 7, 11, PageID # 316, 321, 325. In response, the defendants demonstrated that the documents in question had, in fact, been produced. Boladian R. 56 at 1, 10, PageID # 455, 464; Boladian R. 57-5, at 2, 4, 8, PageID # 556, 558, 562; Boladian R. 57-8, at 1–2, PageID # 571–72. Tilmon-Jones withdrew the motion in January 2011. Boladian R. 60, at 1, PageID # 596. At that time, defendants sought sanctions, which the court declined to grant in light of Tilmon-Jones's voluntary withdrawal of the motion. Boladian R. 61, at 1, PageID # 597; Boladian R. 68 at 1–4, PageID # 1080–83. However, Tilmon-Jones re-filed the motion in November 2011, again alleging fraud on the court and misconduct on the part of defense counsel. Boladian R. 69, PageID # 1084. The district court denied this second motion, finding her contentions to be without merit because they lacked a basis in fact. Boladian R. 101 at 1–3, PageID # 2674–76. The district court also granted defendants' subsequent motion for sanctions against Tilmon-Jones and her counsel, Gregory J. Reed and Jeffrey P. Thennisch, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Boladian R. 100 at 1–2, PageID # 2481–82; Boladian R. 110 at 2, PageID # 3086. The court later found that both Tilmon-Jones's motions to set aside the settlement were frivolous and

without merit, and that "Plaintiff's counsel should have known, at the time of filing of the second motion, that they were without factual or legal basis." Boladian R. 110 at 2, PageID # 3086. The court concluded that Tilmon-Jones's counsel had vexatiously and unreasonably multiplied the proceedings, noting that counsel apparently did not file the motions based upon their merit, but instead for the improper purpose of harassing the defendants. Boladian R. 110 at 2, PageID # 3086.

Between Tilmon-Jones's filing of the two motions to set aside the settlement, she, along with Catherine Cartwright, Steven Tilmon, and Global Royalty Network & Publishing, filed a new suit, *Tilmon-Jones, et al. v. Bridgeport, et al.*, in July 2011 against BMI, Boladian, Southfield Music, Inc., Westbound Records, Inc., Nine Records, Inc., and Sync2Picture, LLC,[1] seeking a declaratory judgment that the plaintiffs own the renewal-term copyrights in numerous musical works, and asserting copyright infringement and various state claims. Bridgeport R. 1, at 1, 10, 57–69, PageID # 1, 10, 57–69; Bridgport R. 1-2, at 2–3, PageID # 78–79. Shortly after filing suit, Tilmon-Jones's counsel, Gregory Reed, contacted Bridgeport's counsel, demanding that Bridgeport pay Tilmon-Jones $1 million within 48 hours in exchange for a promise not to file a 22-page declaration by Jane Peterer, Bridgeport's former copyright administrator. R. 48-15, at 2, PageID # 2605; R. 48-16, at 3–4, PageID # 2608–09. Peterer's declaration contained allegations against Bridgeport and its counsel. Bridgeport did not pay Tilmon-Jones, and later Peterer's declaration was filed with the district court. R. 35, at 2–23, PageID # 1848–68.

---

[1] Boladian is president of each of the defendant companies, except for Sync2Picture. The district court dismissed Sync2Picture from the action because the court determined that Tilmon-Jones's complaint did not allege any claims against Sync2Picture. Bridgeport R. 67, at 2, PageID # 3583.

The *Bridgeport* suit arose subsequent to, and in part from, the September 6, 2007, settlement order entered by the district court in *Tilmon-Jones v. Boladian*. Bridgeport R. 15-20, at 2–5, PageID # 751–54. Pursuant to that order, all claims against BMI were dismissed and, in addition, the order incorporated a written agreement between Tilmon's estate, Tilmon-Jones, Catherine Cartwright, Steven Tilmon, Boladian, and Bridgeport that explicitly disposed of all claims between the parties, including unknown claims that could have been raised and "any claims that may arise in the future pursuant to any newly discovered facts which are not yet known to [plaintiffs]." Bridgeport R. 15-20, at 4, PageID # 753; Bridgeport R. 12-3, at 2–4, PageID # 537–39. Accordingly, Bridgeport filed an amended motion to dismiss, under 12(b)(6) and 12(b)(1), or in the alternative, for Summary Judgment. Bridgeport R. 25, PageID # 1163–1209. Bridgeport later filed a motions for sanctions against plaintiffs and their counsel, Reed and Thennisch, pursuant to Rule 11 and 28 U.S.C. § 1927. Bridgeport R. 48, PageID # 2426–65. The district court granted defendants' motion to dismiss and their motion for sanctions, reasoning that the "[t]he broad language of the [parties' written settlement agreement] clearly bars Plaintiffs' claims." Bridgeport R. 67, at 6, 10–11, PageID # 3587, 91–92. The district court called the suit "a clearly meritless action" and pointed out that Tilmon-Jones failed to set forth arguments and legal authority in response to Bridgeport's arguments in favor of dismissal, which "can only lead the court to conclude that their complaint utterly lacks factual and legal support." Bridgeport R. 67, at 9, PageID # 3590.

In addition, the district court observed that Jane Peterer's declaration contained inflammatory allegations against Bridgeport that "ha[d] nothing to do with the issues [the

district] court had to decide regarding Defendants' motion to dismiss." Bridgeport R. 67, at 9, PageID # 3590. The court also noted that that the request for $1 million prior to filing Peterer's declaration suggested that it was "not filed for its merit, but for an improper purpose." Bridgeport R. 67, at 9, PageID # 3590. Further, the court observed that Reed "filed his own declaration, summarizing and repeating allegations contained in the Peterer Declaration, in an apparent attempt to circumvent the sealing of the Peterer Declaration," and that Reed had previously been sanctioned by another judge for filing the same Reed Declaration in a prior case. Bridgeport R. 67, at 10, PageID # 3591. Indeed, we and district courts in this circuit have imposed sanctions against Tilmon-Jones and her counsel for prior misconduct in other cases involving Bridgeport. *See, e.g.*, *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013) (noting that "[t]he conduct of Tilmon–Jones and her counsel was objectively and patently meritless and a waste of judicial resources"); *Bridgeport Music, Inc. v. Deep Tech. Music, Inc.*, 3:01-718, 2013 WL 4828556 (M.D. Tenn. Sept. 10, 2013) (awarding $46,053.23 in attorneys' fees and costs).

After the court ordered sanctions in both *Boladian* and *Bridgeport*, defendants submitted affidavits and billing records to support its request of $148,221.44 for defending against the two motions in *Boladian* and its request of $172,260.19 for defending the *Bridgeport* action. *See* Boladian R. 111 at 1–6, PageID # 3088; Boladian R. 111-1 at 1–47, PageID # 3094; Boladian R. 112 at 1–4, PageID # 3141, Boladian R. 112-1 at 1–6, PageID # 3145; Boladian R. 113 at 1–4, PageID # 3151; Boladian R. 113-1 at 1–5, PageID # 3155; Bridgeport R. 71, at 1–6, PageID # 3637–42; Bridgeport R. 71-1, at 1–56, PageID # 3643–98; Bridgeport R. 72, at 1–5, PageID #

3699–3703; Bridgeport R. 72-1, at 1–6, PageID # 3704–09; Bridgeport R. 73, at 1–3, PageID # 3710–12; Bridgeport R. 73-1, at 1–2, PageID # 3713–14. In a joint order for both cases, the district court determined that these requests exceeded what was necessary to deter future sanctionable conduct by Tilmon-Jones's counsel. Boladian R. 138 at 2, PageID # 3577; Bridgeport R. 110, at 2, PageID # 4477. Instead, the district court imposed an award of only $20,000 in each case ($40,000 in total) to be paid to Bridgeport, even though the court indicated that Bridgport's fees may be reasonable under the "lodestar" analysis. Boladian R. 138 at 1–2, PageID # 3576–77; Bridgeport R. 110, at 2, PageID # 4477. Bridgeport appeals both awards, seeking full compensation for its attorneys' time in responding. Boladian R. 140 at 1, PageID # 3581; Boladian Appellant's Br. at 4–5.

Tilmon-Jones and her co-plaintiffs in *Bridgeport* filed cross-appeals in both cases with respect to the imposition of sanctions, and the sanctions award amount, but these cross-appeals were commendably withdrawn at oral argument. Oral Argument at 9:48 to 10:10, *Tilmon-Jones, et al. v. Bridgeport, et al.*, (Nos. 13-1849; 13-1897).

The amount of sanctions imposed in *Boladian*, $20,000, although low, was not an abuse of discretion because the district court could reasonably conclude that it was an adequate deterrent against future misconduct and a reasonable award amount. The abuse of discretion scope of review reflects that the district court is on the front line, best able to determine what fees will deter what conduct. "[A] district court is given 'wide discretion' in deciding the amount of [Rule 11] sanctions to impose." *Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (1996) (quoting *INVST Fin. Group, Inc. v. Chem–Nuclear Systems, Inc.*,

815 F.2d 391, 401 (6th Cir. 1987)); *see also Red Carpet Studios Division of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 644 (6th Cir. 2006) (applying abuse of discretion standard in reviewing amount of sanctions awarded under 28 U.S.C. § 1927). Moreover, because the adequacy of deterrence is to a great extent incommensurable, it makes little sense to require the district court to engage in an extensive discussion of why a particular dollar amount will deter what conduct. This contrasts with the greater usefulness of a careful explanation when, for instance, we review of the amount of fees under a fee-shifting scheme for prevailing parties. In this case, a number of considerations together lead to the conclusion that the district court did not abuse its discretion in awarding only $20,000 as a deterrent to conduct like Tilmon-Jones's two meritless motions to set aside the settlement.

First, while the district court accepted the defendants' billing under the lodestar method, this does not mean that $148,000 must be awarded to deter activity like the filing of two substantially similar post-judgment motions that were entirely without merit. The two sanctionable motions were based upon the same facts and contained identical arguments; thus substantially similar responses would have been appropriate for each motion. Plainly frivolous motions that are easily disposable may not require as much depth in response as would a meritorious motion, and responding to two identical motions may not require as much effort in defense as would two materially different motions. The district court's task was to deter activity like the filing of the two motions, not necessarily to compensate the defendants for all fees expended. A sanction award amount under either Rule 11 or § 1927 need not cover the entire amount of fees incurred. "A sanction imposed under [Rule 11] must be limited to what suffices

to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Further, a district court need "not award sanctions under § 1927 [if] to do so would be duplicative of relief to which [defendants] may be entitled under Fed.R.Civ.P. 11." *Runfola,* 88 F.3d at 375 (internal quotations omitted). "[T]he purpose of Rule 11 sanctions is to deter rather than to compensate," *Rentz v. Dynasty Apparel Industries, Inc.,* 556 F.3d 389, 400 (6th Cir. 2009) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)); *see* Fed. R. Civ. P. 11(c)(4). Like the purpose of Rule 11, the goal of 28 U.S.C. § 1927 not to make a party whole, but to deter and punish. *Red Carpet*, 465 F.3d at 647. Deterrence relates to what will stop subsequent misconduct, rather than what a law firm is able to charge. Indeed, we have previously upheld sanction awards that were substantially less than the full amount of fees and costs incurred. For example, in *Red Carpet*, we affirmed an award of $10,000 under § 1927, when "pertinent and not excessive" fees requested were over $40,000. 465 F.3d at 644. In *Runfola*, 88 F.3d at 371, we affirmed an award for defendants of $15,671.14 where defendants had requested $109,305.90 in attorney fees and $5,671.14 in costs.

Second, while the fees sought were for the costs incurred in defending both motions, the district court originally declined to award fees at the time of the denial of the first of the two motions. The record thus reflects that the court may have considered the first motion less obviously frivolous, and taken that into account in awarding less than all requested fees. Indeed, "[b]ecause sanctions can have the effect of chilling vigorous advocacy[,] this Court has limited sanctions to the point in time at which plaintiffs should have realized that their claims were frivolous and the lawsuit should have been voluntarily dismissed." *Dearborn St. Bldg.*

*Associates, LLC v. Huntington Nat. Bank*, 411 F. App'x 847, 852 (6th Cir. 2011) (internal quotations and modifications omitted).

By contrast, a remand is required so that the district court may give further consideration and an explanation with respect to the award amount in the *Bridgeport* case. In *Bridgeport*, plaintiffs "filed a frivolous action to harass Defendants and have multiplied the proceedings unreasonably and vexatiously, in violation of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927." Bridgeport R. 67, at 10, PageID # 3591. The district court imposed sanctions in *Bridgeport* to cover Bridgeport's "reasonable attorney fees and costs incurred in defending this action." However, it is unclear whether a $20,000 award—the same amount awarded in *Boladian*—is sufficient to accomplish the deterrence objectives of Rule 11 sanctions when the costs associated with defending an entirely new lawsuit are more significant than those incurred in defending one frivolous motion.

Further, the filing of this new suit is not partially explainable as a mistake, as arguably was the first motion to set aside the settlement in *Boladian*. The filing of the *Bridgeport* suit was particularly egregious in light of the clarity of the release contained in the prior settlement agreement between the parties. That agreement disposed of all claims between the parties, including unknown claims that could have been raised and "any claims that may arise in the future." Bridgeport R. 15-20, at 4, PageID # 753; R. 12-3, at 3–4, PageID # 538–39. We have previously interpreted this same settlement agreement, and concluded that it "clearly and unambiguously release[d] Boladian, Bridgeport, its successors, assigns, and privies in contract from all claims that 'could have been brought' by Tilmon-Jones." *Bridgeport Music, Inc. v.*

*Smith*, 714 F.3d at 944. Consequently, the district court determined that the *Bridgeport* plaintiffs' "complaint utterly lack[ed] factual and legal support," and that the case was barred by the settlement agreement and res judicata. Bridgeport R. 67, at 9–10, PageID # 3590–91. We have previously upheld an award amount of the full amount of attorney's fees incurred (albeit a much smaller amount—$32,546.02) where the sanctioned attorneys filed a lawsuit that was frivolous "at the outset of the case" and pursued the case for over five years. *Ridder v. City of Springfield*, 109 F.3d 288, 292, 99 (1997); *see also Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 938 (6th Cir. 2002) (affirming award of $ 26,165.35 under Rule 11 when attorneys presented frivolous legal arguments and allegations that patently lacked evidentiary support).

Finally, unlike *Boladian*, the *Bridgeport* case involved the extortion-type threat that Reed used in an effort to obtain $1 million from Bridgeport before Reed filed a declaration that contained irrelevant and inflammatory allegations against Bridgeport. The district court found that the $1 million request "suggest[ed] that [the declaration] was not filed for its merit, but for an improper purpose." Bridgeport R. 67, at 9, PageID # 3590; Bridgeport R. 35, at 6–23, PageID # 1851–68.

In the presence of these additional factors, the district court's brief analysis does not adequately explain why only $20,000 was awarded in the *Bridgeport* case. Although as explained above the district court need not be elaborate in its reasoning as to the amount of a Rule 11 deterrent award, here the district court only stated that the $172,260.19 requested by defendants "exceed[ed] what the court believes is necessary to accomplish the goal of deterring future sanctionable conduct by Plaintiff's counsel." Boladian R. 138 at 2, PageID # 3577. On

the record of this case, this conclusory statement is not sufficient for us to determine whether $20,000 provided reasonable deterrence. Employing similar reasoning, we have previously vacated a *de minimis* award amount when the district court "offered only conclusory explanations" and did not explain how such an award "could serve as an effective deterrent to similar conduct by these attorneys or others similarly situated." *Rentz,* 556 F.3d at 400. Even though $20,000 is not a *de minimis* amount, it is not self-evident on the *Bridgeport* record that the same sanction amount could satisfy the deterrence goal—"to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Accordingly, a remand is required so that the district court may give further consideration and an explanation with respect to the proper amount of an award in the *Bridgeport* case.

For the foregoing reasons, we AFFIRM the district court's judgment in the *Boladian* case, Nos. 13-1840; 13-1896, but we VACATE and REMAND the district court's judgment in the *Bridgeport* case, Nos. 13-1849; 13-1897, for proceedings consistent with this opinion.